COOK, Justice
(concurring specially).
I concur. I write specially to point out that I consider this case distinguishable from Marsh v. Wenzel, 732 So.2d 985 (Ala.1998), a recent medical-malpractice case that addressed the relation-back doctrine. I dissented in that case.
The following facts, as outlined by the main opinion in this present case, are significant to my analysis as suggesting that Mrs. Kendall had a possible cause of action against Dr. Snow and Dr. Weinstein and their medical association, before the time allowed by the statute of limitations expired.
“The Kendalls had available to them all of Mrs. Kendall’s medical records, from [the hospital] and from her various physicians — -including all the records maintained by Dr. Snow and Dr. Weinstein and their medical association. Included in this information was the letter Dr. Snow wrote to Mrs. Kendall’s attorney in December 1993 in which he noted that following the ERCP Mrs. Kendall developed severe abdominal pain and an elevated amylase. This information was provided approximately 4 months after Mrs. Kendall’s surgery and some 20 months before the statutory limitations period expired.”
764 So.2d at 536-37 (emphasis added). In Marsh, given the evidence presented, I concluded that there were no facts suggesting that, before the statutory limitations period expired, the plaintiff should have known that she had a cause of action against the parties as to whom relation back was sought.